IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

**JOSEPH NASZADY, individually and on behalf of all others similarly situated,**
587 Woodhaven Drive
Clarksville, TN 37942

PLAINTIFFS

v.

CASE NO.   3:22-CV-287-BJB

JUDGE _____

**E Z PORTABLE BUILDINGS, INC.**
℅ Trendon Len Burnett
1680 County Road 1024
Cunningham, KY 42035

DEFENDANTS

\*\*\*\*\*\*\*\*\*

**CLASS ACTION COMPLAINT FOR DAMAGES AGAINST DEFENDANT EZ
PORTABLE BUILDINGS, LLC
(Jury Trial Demanded)**

Plaintiff Joseph Naszady ("Plaintiff"), individually and on behalf of all others similarly situated, through Counsel, brings this class action lawsuit in behalf of himself and all others persons similarly situated, and for his Class Action Complaint against Defendant EZ Portable Buildings, LLC ("Defendant") alleges with personal knowledge with respect to himself individually and on information and belief derived from, among other things, investigation of counsel and a review of public documents as to all other matters, as follows:

**I.    NATURE OF THE CASE**

1.    This case seeks recourse for hundreds, if not thousands, of consumers across the nation who suffered damages as a result of Defendant's actions in disclosing an incorrect sales tax rate on the purchase contract and then collecting upon the incorrect sales tax rate.

2. This case also seeks recourse for the Plaintiff individually for breach(es) of contract and violations of the Kentucky Consumer Protection Act made by the Defendant as to coverage of the limited warranty which resulted in the Plaintiff suffering continued harm by the deprivation of use of the product.

## II. PARTIES

3. Joseph Naszady ("Plaintiff") is a natural person and a citizen of Tennessee residing in Montgomery County, Tennessee.

4. Defendant E Z Portable Buildings, Inc. ("Defendant") is a domestic corporation headquartered in Paducah, KY. Defendant maintains multiple sales locations across the United States including a location in Hopkinsville, Kentucky. All of Plaintiff's interactions with the Defendant were either at the Hopkinsville location or via interactions on the telephone or internet with the Defendant.

5. Defendant executed contracts across the United States and in the State of Kentucky including the contract at issue with the Plaintiff at the Hopkinsville location.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises, in part, under the Truth in Lending Act, 15 U.S.C. §§ 1640, *et seq*.

7. This Court also has subject matter jurisdiction alternatively over this action under 28 U.S.C. § 1332(d) because at least one member of the Class is a citizen of a state different from Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5 million exclusive of interests and costs.

8. This Court has supplemental jurisdiction to hear any state law claims pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendant. In addition to the substantial business Defendant conducts in Kentucky, Plaintiff's contract with Defendant was executed in the Western District of Kentucky regarding personal property purchased in this District.

10. This district is the proper venue for this action as Defendant resides in the District for purposes of 28 U.S.C. § 1391(b)(1) or (c) and because the Property is located in the Western District of Kentucky for purposes of 28 U.S.C. § 1391(b)(2).

### III. COMMON FACTUAL ALLEGATIONS

11. Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 10 as if fully restated herein.

12. Plaintiff, on behalf of himself and all similarly situated persons, seek to recover statutory damages and actual damages resulting from Defendant's wrongful conduct in connection with Plaintiff's and the putative Class Members' contracts with the Defendant.

13. Defendant is a supplier of goods, in this case portable buildings (the "Product") which consumers like the Plaintiff and putative Class Members use for a variety of uses including storage.

14. Each contract executed between the Defendant and consumers like the Plaintiff and putative Class Members contains a limited 10 year warranty which is captioned in the contract as "10 Year EZ Warranty Provisions" (the "Warranty"). *See* Exhibit 1 at p. 9.

15. The Warranty explicitly warrants to consumers like the Plaintiff and putative Class Members that the Product(s) shall be free of any EZ Portable Buildings construction deficiency for a single ten (10) year period commencing from the date of delivery. *Id.*

16. The Warranty explicitly requires consumers like the Plaintiff and putative Class Members to notify the Defendant of any purported construction deficiency within thirty (30) days of discovery. *Id.*

17. The Warranty explicitly states that upon receipt of the purported deficiency, Defendant shall cure and remedy at Defendant's site or any other site which Defendant may designate as Defendant's cost. *Id.*

18. The contract between the Defendant and the Plaintiff and putative Class Members is a purchase contract for goods which in the case of the Plaintiff and members of the Kentucky Subclass, requires payment of the applicable sales tax payment by consumers like the Plaintiff and putative subclass members at the time of purchase. *See* Exhibit 1 at p. 8.

### IV. PLAINTIFF'S FACTUAL ALLEGATIONS

19. On November 23, 2021 Plaintiff traveled from his home to Defendant's sales location in Hopkinsville, KY for the purpose of purchasing one of Defendant's Buildings.

20. During his interactions with Defendant's representatives at the Hopkinsville store, Defendant's representatives reviewed the various Buildings that the Plaintiff could purchase. Eventually the Plaintiff settled upon purchasing Building Style LFTB, Size 10' x 20'. *See* Exhibit 1 at p. 4.

21. The purchase price for the Plaintiff's Building was $7,275.62 which included a base price of $7,105.62 and an additional charge for 12" Floor Joists of $170.00. *Id.* at pp. 4-5.

22. The full purchase price for the Plaintiff's Building with Sales Tax and an additional charge for anchors was $8,533.74. *Id.* at p. 5

23. The sales tax charged to the Plaintiff was 9.75%. *Id.*

24. The Plaintiff and Defendant's representatives executed the purchase agreement (the "Contract") on November 23, 2021. *Id.*

25. The Plaintiff paid $8,533.74 to the Defendant on November 23, 2021. *Id.*

26. Following the purchase of the Building on November 23, 2021, the Plaintiff made additional necessary purchases for a wood ramp that Defendant's representatives suggested for proper installation of the Building from Maxsteel Buildings in Clarksville, TN on November 23, 2021 for $274.38. *See* Exhibit 2

27. With the purchase on November 23, 2021, Plaintiff and Defendant executed an addendum to the purchase contact on November 30, 2021 and the sales price increased to $8,808.12.

28. Pursuant to the Contract Defendant was to deliver the Building to Plaintiff at his residence in Clarksville, TN. *Id.* at p. 7  Based upon a review of the information accessible via public records, the applicable sales tax rate in Clarksville, TN on November 23, 2021 was 9.5% (Tennessee Sales Tax rate was 7.0% and Montgomery County rate was 2.5%)[1]

29. Despite the sales tax rate being 9.5%, the Defendant charged and disclosed to the Plaintiff on the contract a sales tax rate of 9.75%. *See* Exhibit 1.

30. The Building was installed on Plaintiff's property by Defendant's representatives on January 17, 2022.  Following the installation on the same day Plaintiff did a visual inspection of the Building and sent text communications to Defendant's representatives regarding potential

---

[1] https://www.tn.gov/content/dam/tn/revenue/documents/taxes/sales/taxlist.pdf (last visited May 31, 2022)

issues related to (1) squeaking floors, (2) missing nails through the structure, and (3) potential issues related to the failure to properly install the Building to the Anchor.

31. The Plaintiff made an additional necessary purchase for materials for the Building based upon the discussions with Defendant from Maxsteel Buildings in Clarksville, TN on January 21, 2022 for $109.75. *See* Exhibit 3

32. As a result of these discussions Defendant's representatives made several mitigation offers and Defendant's representatives made several repairs to the anchors including patch/glue on February 21, 2022.

33. The next day - February 22, 2022 - the Plaintiff noticed water damage in the interior of the building. The Plaintiff and Defendant's representatives exchanged a series of texts in which the Plaintiff notified the Defendant of the water damage to both the interior and personal items which the Plaintiff immediately removed from the Building which the Plaintiff had placed in the building as of February 19, 2022.

34. Between February 23, 2022 and March 1, 2022 the Plaintiff attempted to make multiple contacts with various representatives with the Defendant including a District Manager and Vice President whose information he was provided by Defendant's representatives as he was being told his complaints were being "escalated".

35. During one of these conversations Defendant did offer a replacement however Plaintiff inquired whether Defendant would extend the warranty to replacement building. Defendant would not agree to extend the warranty to the replacement building.

36. Defendant's repeated refusal to replace with a better quality product or completely repair the Building despite the warranty claims has caused the Plaintiff to suffer significant economic and non-economic damages.

## V. CLASS ACTION ALLEGATIONS

### A. The Class Definition.

35. **The Class:** Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(1), on behalf of similarly situated individuals and entities ("the Class") defined as follows:

> All persons, as identified by the Defendant, in the United States who between May 31, 2019 and the filing of this Complaint who (i) entered into a contract for purchase with the Defendant, (ii) were imposed a higher sales tax rate than required by applicable state law, and (iii) paid the higher sales tax rate to the Defendant.
>
> Excluded from this class are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff.

36. **The Subclass**: Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(1), on behalf of similarly situated individuals and entities ("the Subclass") defined as follows:

> All persons, as identified by the Defendant, who between May 27, 2019 and the filing of this Complaint who (i) entered into a contract for purchase with the Defendant in the State of Kentucky, (ii) were imposed a higher sales tax rate than required by applicable state law and (iii) paid the higher sales tax rate to the Defendant.
>
> Excluded from this class are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff.

### B. Fed. R. Civ. P. 23(a)(1): Numerosity.

37. The classes are so numerous that joinder is impracticable. There are likely thousands of members of the classes. Each class is identifiable by the records of the Defendant, Plaintiff and the class members.

38. The definition of the Class is unambiguous, and Plaintiff is a member of the Class he seeks to represent.

39. The definition of the Subclass is unambiguous, and Plaintiff is a member of the Subclass he seeks to represent.

40. Nevertheless, Plaintiffs reserve the right to amend or modify the Class definitions, for example, to create greater specificity, divide into additional subclasses, or limit particular issues as the case progresses.

41. The Class is so numerous and geographically dispersed that joining all the Class members would be impracticable.

42. Plaintiffs and the Class satisfy the requirements of Rule 23(b)(1)(A), (b)(1), and/or (b)(3).

C. **Fed. R. Civ. P. 23(a)(2) and (b)(3): Commonality and Predominance.**

43. Plaintiff's claims are typical of the Class because Plaintiff's claims have the same essential characteristics as all other Class members' claims and the evidence to establish the facts and claims stated herein will be the same for Plaintiffs and all other members of the Class. All claims are based on the same course of conduct and similar legal theories. All Class members, including Plaintiff, suffer the same types of injuries and possess the same interests in pursuing this case as do Plaintiff. A single resolution of these claims would be preferable to a multiplicity of similar actions.

44. There are common questions of law and fact subject to answers common to all Class members that predominate over any questions affecting only individual members, including but not limited to:

   a. What was the applicable sales tax rate at the time of the purchase of Defendant's Buildings?

   b. Did the Defendant unilateral impose a higher sales tax rate at the time of the purchase of Defendant's Buildings.

   c. Did the Class Member(s) pay the higher sales tax rate to the Defendant?

    d. What were Defendant's common policies and practices regarding the imposition of sales taxes for the purchases of its Buildings by consumers during the relevant time periods?

    e. Did Defendant breach the contractual obligation by compelling the payment of the improper sales tax?

    f. Was Defendant's conduct extreme and outrageous?

**D.** **Fed. R. Civ. P. 23(a)(3): Typicality.**

45. The claims of the Plaintiff is typical of the claims of the Class because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making it appropriate for the Court to render final relief regarding the Class as a whole. For example:

    a. Plaintiff entered into a Contract with the Defendant for the purchase of Defendant's Building which imposed an incorrect sales tax rate.

    b. Plaintiff paid the incorrect sales tax rate to the Defendant.

    c. The Defendant has failed to return to the Plaintiff the difference paid by the Plaintiff of the incorrect sales tax rate and the correct sales tax rate.

    d. The Plaintiff has suffered an actual damage of $8,808.12 for the payments tendered to the Defendant.

    e. As such, Plaintiff is a member of the Class.

46. Defendant's actions and inactions described above violated Plaintiff's and the Class's statutory and common law rights.

47. Plaintiffs and all members of the Class have suffered damages as a result of Defendant's actions and inactions described above.

48.     Defendant's actions toward the Class and Plaintiffs are substantially similar, including: (1) Defendant's imposition of a higher sales tax rate in its purchase contracts; (2) the payment by the Plaintiff and putative Class Members of the higher sales tax rate to the Defendant in the purchase contracts; and (3) the Defendant's retention of the improper overpayment of sale taxes by the Plaintiff and members of the Class.

49.     A class action is superior to other available methods for resolving adjudication of the Class members' claims fairly and efficiently because:

    a.    It will avoid a multiplicity of suits and consequent burden on the courts and Defendant;

    b.    It would be virtually impossible for all members of the Class to intervene as parties-plaintiffs in this action;

    c.    It would assure uniform application of the laws and a single, uniform decision across the board without sacrificing procedural fairness or bringing about other undesirable results;

    d.    It will provide court oversight of the claims process, once Defendant's liability is adjudicated;

    e.    It would permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender; and

    f.    It will permit the adjudication of relatively small claims by certain Class members, who could not afford to individually litigate such claims against a large corporate Defendant.

E.	**Fed. R. Civ. P. 23(a)(4): Adequacy of Representation.**

50.	Plaintiff will fairly and adequately protect the interests of the Class.

51.	Plaintiff comes before this Court as victims of Defendant. He was a consumer and contracted with the Defendant for purchase of a building.  Due to Defendant's erroneous calculation of sales taxes, the Plaintiff was subsequently damaged.

52.	Plaintiff's Counsel will fairly and adequately prosecute the case on behalf of Plaintiffs and the Class.

53.	Plaintiff's Counsel are experienced trial attorneys who have engaged in extensive trial practice and have considerable experience in all aspects of class action and consumer litigation from several other class action and mass tort cases, including class action and mass tort cases against lenders and loan servicers.

54.	Plaintiff's counsel have the necessary skills, expertise, and competency to adequately represent Plaintiffs' interests and those of the Class.

VI.	**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION: TILA**
**(On behalf of the Plaintiff, Class and Subclass)**

102.	Plaintiff incorporates by reference all other allegations of this Complaint as if fully restated herein.

103.	Plaintiff's and class members' contracts with the Defendant are consumer credit transactions and were subject to the disclosure requirements of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and all other related regulations, commentary, and interpretive guidance promulgated by the Federal Reserve Board.

104. The Defendant is a "creditor" as defined by TILA because it was the named lender in each of the contracts and because it retained all rights in the sums collected from the contract(s) during the term of the transactions.

105. Based upon the allegations above and demonstrated by Exhibit 1, the Defendant collected a sales tax of 9.75% at a time when the maximum applicable sales tax to be collected was 9.5%. *See* Exhibit 1.

106. As a result of the overcollection of sales taxes the Defendant violated TILA by failing to disclose the amount financed pursuant to 15 U.S.C. § 1638(a)(2)(A)(ii).

107. Based upon the allegations herein, the Plaintiff and Class members have been injured based upon the inaccurate disclosures of the applicable sales taxes due on the contract and have suffered monetary losses arising from Defendant's violations of TILA. The losses include the overpayment of sales taxes.

108. Defendant has violated TILA and is liable to the Plaintiff and Class Members for actual damages in an amount to be determined, statutory damages, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION: BREACH OF FORM CONTRACT**
**(On behalf of the Plaintiff, Class and Subclass)**

109. Plaintiff incorporates by reference all other allegations of this Complaint as if fully restated herein.

110. Plaintiff entered into a contract with Defendant. The terms of the contract are set forth in a uniform contract which contains identical provisions for the Warranty and Sales Tax to be paid. *See* Exhibit 1 generally.

111. Defendant had a duty in the contract and under the applicable state law(s) to impose and collect the correct amount of sales tax for each purchase. *Id.*

112. Based upon the allegations herein the Defendant collected a Sales Tax from the Plaintiff of 9.75% when at the time of the purchase, the applicable Sales Tax rate was 9.5%

113. Plaintiff was injured by Defendant's breach of the Form Contract and suffered damages of at least $35.00; the only question that remains, therefore, is the amount of actual damages suffered by members of the Class and Subclass related to the improper sales tax payments, which is to be proven at trial.

### THIRD CAUSE OF ACTION: VIOLATIONS OF KRS 367.170, *et seq*.
### (on behalf of the Plaintiff and Subclass)

114. Plaintiff incorporates by reference all other allegations of this Complaint as if fully restated herein.

115. Plaintiff and each Subclass member are a "person" within the meaning of KRS 367.110(1).

116. Defendant's business as described herein, *supra*, is "commerce" within the meaning of KRS 367.110(2) as a distribution of a service of a service and intangible personal property and any other article and/or thing of value which includes commerce directly and/or indirectly affecting the people of this Commonwealth.

117. KRS 367.170(1) states that any unfair, false, misleading or deceptive act or practice in the conduct of any trade or commerce are hereby declared unlawful.

118. KRS 367.175(1) states every contract, combination in the form of trust and otherwise, or conspiracy of trade of commerce in this Commonwealth shall be unlawful.

119. As described herein, supra, the actions of the Defendant in (1) overcharging the sales tax for the Building purchases, (2) collecting the overcharged sales tax from the Plaintiff and Subclass members, and (3) failing to refund the overcharged sales tax rate each deceptive acts under KRS 367140(1).

120. Defendant's actions described herein, supra, violate the Kentucky Consumer Protection Act and Plaintiff and Subclass members are entitled to receive actual damages in an amount to be determined, attorneys' fees and costs, and punitive damages pursuant to KRS 367.220.

### FOURTH CAUSE OF ACTION: BREACH OF FORM CONTRACT
### (on behalf of the Plaintiff)

121. Plaintiff incorporates by reference all other allegations of this Complaint as if fully restated herein.

122. Plaintiff entered into a contract with Defendant. The terms of the contract are set forth in a uniform contract which contains identical provisions for the Warranty and Sales Tax to be paid. *See* Exhibit 1 generally.

123. Under the terms of the contract the Defendant had an obligation to follow the terms of the Warranty at its expense when a claim was filed. *Id*.

124. Based upon the allegations herein, *supra*, the Plaintiff timely filed a claim with the Defendant that was covered by the Warranty.

125. Based upon the allegations herein, *supra*, the Defendant failed to honor the terms of the Warranty and the Plaintiff has been deprived of the use and enjoyment of his Building to his continued financial detriment.

126. Defendant has breached the Contract and is liable to the Plaintiff for actual damages of at least $8,808.12 and in a total amount to be proven at trial.

### FIFTH CAUSE OF ACTION: VIOLATIONS OF KRS 367.170, et seq.
### (on behalf of the Plaintiff)

127. Plaintiff incorporates by reference all other allegations of this Complaint as if fully restated herein.

128. Plaintiff is a "person" within the meaning of KRS 367.110(1).

129. Defendant's business as described herein, *supra*, is "commerce" within the meaning of KRS 367.110(2) as a distribution of a service of a service and intangible personal property and any other article and/or thing of value which includes commerce directly and/or indirectly affecting the people of this Commonwealth.

130. KRS 367.170(1) states that any unfair, false, misleading or deceptive act or practice in the conduct of any trade or commerce are hereby declared unlawful.

131. KRS 367.175(1) states every contract, combination in the form of trust and otherwise, or conspiracy of trade of commerce in this Commonwealth shall be unlawful.

132. As described herein, supra, the actions of the Defendant in failing to honor the Warranty is a deceptive act under KRS 367.140(1).

133. Defendant's actions described herein, supra, violate the Kentucky Consumer Protection Act and Plaintiff is entitled to receive actual damages in an amount to be determined, attorneys' fees and costs, and punitive damages pursuant to KRS 367.220.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joseph Nazdady demands judgment against Defendant EZ Portable Buildings, LLC. as follows:

A. For an Order Certifying the Class and Sub-class, appointing the Plaintiff as the Representative of the Class and Plaintiff's Counsel;

B. For an Entry of Judgment in favor of the Plaintiff, the Class, and Sub-Class against the Defendant for damages in an amount to be proven at trial, including statutory, punitive, and actual damages in accordance with applicable law for the allegations contained in Counts One, Two and/or Three;

C.    For an Entry of Judgment in favor of the Plaintiff against the Defendant for damages in an amount to be proven at trial, including statutory, punitive and actual damages in accordance with applicable law for the allegations contained in Counts Four, Five, and/or Six.

D.    For an Entry of Judgment in favor of the Plaintiff, the Class, and the Sub-Class against the Defendant for reasonable attorneys' fees and costs.

E.    For an Entry of Judgment in favor of the Plaintiff, the Class, and the Sub-Class against the Defendant for any applicable judgment interest on all damages; and

F.    For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff Joseph Naszady demands a trial by jury on all counts so triable.

Respectfully Submitted,

By: */s/Brian D. Flick, Esq.*
Brian D. Flick (#0095244)
Marc E. Dann (OH #0039425)
*Pro Hac Vice Application to be submitted*
Daniel M. Solar (OH #0085632)
*Pro Hac Vice Application to be submitted*
**DannLaw**
15000 Madison Avenue
Lakewood, OH 44107
Office: (216) 373-0539
Facsimile: (216) 373-0536
Email: notices@dannlaw.com
*Counsel for Plaintiff Joseph Naszady, individually and on behalf of all others similarly situated*